UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| PERRY ALLEN DAVIS, | ) |
| Plaintiff, | ) Case No. 1:06-cv-228 |
| v. | ) Honorable Gordon J. Quist |
| PATRICIA L. CARUSO et al., | ) |
| Defendants. | ) |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.     Factual allegations

Plaintiff is incarcerated at the St. Louis Correctional Facility. In his *pro se* complaint, he sues Michigan Department of Corrections (MDOC) Director Patricia L. Caruso and Deputy Director Dennis Straub in their official and individual capacities. Plaintiff also sues four people employed by the St. Louis Correctional Facility (SLF): Warden Paul Renico, Assistant Deputy

Warden of Housing Steven Rivard, Resident Unit Manager Darlene George, and Case Manager Laura McCormack.

Plaintiff alleges that in January 2004 he wrote a letter to Director Caruso relaying his concerns regarding prisoners' safety at SLF. In the letter, he stated, among other things, that Warden Renico and certain corrections officers at SLF displayed an "authorized abusive attitude" and were "attempting to provoke an uprising or a riot." Plaintiff argues that after he wrote the January 2004 letter, Defendants retaliated against him in violation of his First Amendment free speech and Fourteenth Amendment rights by removing him from the Warden's Forum[1] after an administrative hearing, and prohibiting him from serving on the Warden's Forum in the future. Plaintiff pursued a grievance to completion against Renico in which he was denied relief.

For relief, Plaintiff requests reinstatement of his eligibility to serve on the Warden's Forum if elected in the future; declarations that Plaintiff's First Amendment rights were violated and that none of the Defendants are immune from suit; an injunction precluding Defendants from committing the same wrongs in the future; $175,000 in punitive damages; $115,000 in compensatory damages; costs; fees; and modification of MDOC policies prohibiting such retaliation against Warden's Forum representatives.

II.    Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.

---

[1] The Warden's Forum is an advisory group of prisoners to which Plaintiff had been elected by the prisoners in his housing unit. *See, e.g.* MICH. DEP'T OF CORR., Policy Directive 04.01.150 (effective 1/1/01). The Warden's Forum advises the warden on prisoners' day to day concerns at their particular facility. *Id.*

- 2 -

*See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[2] *Brown*, 139 F.3d at 1104. He must specifically mention the parties involved and the precise issue complained of in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). A civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion. *Jones Bey v. Johnson*, 407 F.3d 801, 805-809 (6th Cir. 2005).

Plaintiff's claim of retaliation is the type of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130 (effective 12/19/03). However, Plaintiff has not exhausted administrative remedies against all the defendants he names in his complaint. The documentation he provided the Court shows that he

---

[2] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

properly pursued his grievance through all levels of review as to Defendant Renico, but not as to Defendants Caruso, Straub, Rivard, George, or McCormick. Therefore, because his complaint contains both exhausted and unexhausted claims, his complaint must be dismissed for lack of total exhaustion. *See Jones Bey*, 407 F.3d at 809.

It is not clear whether Plaintiff may still grieve his claims against the remaining Defendants. Under MDOC policy, complaints must be resolved expeditiously, and may be rejected as untimely. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ G(4) (effective 12/19/03). The Sixth Circuit has held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of an action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736,

746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss this action without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: May 12, 2006                             /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE